IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN GUYTON,

     Plaintiff,

        v.

MR. LAPPIN, et al.,

     Defendants.

CIVIL ACTION NO. 3:11-CV-1390

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 23), recommending that Plaintiff Kevin Guyton's four Requests for Emergency Injunctions be denied. (Docs. 11, 13, 15, 17). Also before the Court is a second Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 34), recommending that the Court either dismiss or transfer the claims made against Defendants for which there is no venue in this District. For the reasons below, the Court will adopt both Report and Recommendations. The matter will be recommitted to Magistrate Judge Carlson for further proceedings.

## BACKGROUND

Plaintiff Kevin Guyton, a prisoner at the United States Penitentiary ("USP") Canaan in Waymart, Pennsylvania, commenced this *pro se* action on July 26, 2011. (Doc. 1). In his Complaint, Guyton names as Defendants at least eleven correctional staff and one outside lawyer, along with the Warden at USP Canaan, the Regional Director of the Bureau of Prisons ("BOP"), and the Former Director of the BOP. Guyton alleges that the prison officials have each violated his constitutional rights by transferring him to a dangerous prison

situation and failing to appropriately respond to his requests for a transfer. Guyton alleges this transfer is necessary for his physical security as he is a federal witness in an ongoing murder case in Denver, Colorado which has exposed him to threats of retaliation by other inmates.

Guyton's Complaint alleges the following facts. Guyton has been in custody for approximately twenty years and is scheduled for release in the near future. While Guyton was once the leader of the Sunni Muslim inmates and the Black Guerilla Family ("BGF") inmates during his incarceration at USP Victorville in Adelanto, California, he is now in danger of these groups (as well as the District of Columbia inmates) for grand jury testimony he gave as a federal witness against a defendant who is a Muslim from Washington, D.C. Due to this testimony, Guyton has received threats, attempts to coerce his refusal to testify at trial, and pressure to recant his earlier testimony. The BGF and Muslim groups are also tracking his movements within the prison system using the BOP website.

Guyton alleges that the Former Director of the BOP, the Regional Director, and the USP Canaan Defendants have refused to protect him by failing to investigate inmate threats or initiate his transfer to a safer prison where he could also take vocational courses for his upcoming release. In particular, Guyton filed a grievance with Defendant Holt, the Warden of USP Canaan, complaining that inmates were being allowed to communicate and coordinate with outside BGF members, which was putting Plaintiff in danger. However, in pursuing this grievance, Plaintiff lost his entitlement to a halfway house in California, which would have eased his reentry into society after twenty years of imprisonment. Guyton also alleges that unnamed prison staff in Grand Prairie, Texas, five staff members at USP Pollock in Louisiana, and unknown Northeast Regional Staff Defendants all signed off on his

2

transfer from USP Pollock in Louisiana to USP Canaan in Pennsylvania, which was at least deliberately indifferent to Guyton's safety and at most a purposeful attempt to facilitate his murder. All of these actions are retaliation for Guyton's assault on a prison staff member approximately fourteen years ago.

Guyton also alleges that Officer Justin Morrow at USP Victorville–an alleged member of the BGF–provided information to the BGF about Plaintiff's actions as an informant against Morrow in an unrelated matter. Morrow's disclosure was similarly calculated to lead to Plaintiff's murder and was in retaliation for Plaintiff informing on him. Guyton further alleges that Defendant Hammond, the attorney for the parties Plaintiff testified against in the Colorado murder trial, also provided information to inmates about Plaintiff's location which has further put him in danger.

Guyton's complaint seeks damages from all Defendant prison officials, but also wide-ranging injunctive relief, including orders: (1) directing that Guyton be housed in a halfway house Hawaii (Guyton's place of origin), with the BOP to provide him with a new wardrobe and bus passes; (2) compelling prison officials to provide Guyton with a single cell for protection pending his removal to a safer prison; (3) removing Guyton's location from the BOP website; (4) implementing a temporary restraining order against all Defendants from taking retaliatory actions against Guyton; (5) declaring that Guyton has exhausted all administrative remedies; and (6) instructing the United States Department of Justice to meet with Guyton and assist him in filing a criminal complaint against people who he alleges attempted to coerce his testimony in the murder trial.

Currently before the Court is the Report and Recommendation of Magistrate Judge Carlson recommending the denial of Plaintiff's four Motions for Emergency Injunctive Relief.

3

These Motions seek to: (1) compel criminal charges by the United States District Attorney's Office (Doc. 11); (2) remove Plaintiff from USP Canaan and transfer him immediately to a halfway house in Hawaii (Doc. 13); provide Plaintiff with a single cell until he is removed from USP Canaan (Doc. 15); and (4) secure Plaintiff access to the law library at least three days a week (Doc. 17). This Report and Recommendation has been briefed by both the Plaintiff and Defendants and the Court will consider each of Plaintiff's objections below. Also before the Court is the Report and Recommendation of Magistrate Judge Carlson recommending dismissal or transfer of particular Defendants due to inappropriate venue. This Recommendation has not been objected to by the parties, and it too will be considered below.

## DISCUSSION

### I. Legal Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested

4

portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the Report and Recommendation to which the Plaintiff objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

## II. Analysis

### 1. The August 12, 2011 Report and Recommendation (Doc. 23)

A preliminary injunction requires a court to consider: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." *American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff*, --- F.3d ----, No. 10–4328, 2012 WL 19382 at *2 (3d Cir. Jan. 5, 2012) (citing *Crissman v. Dover Downs Entm't Inc.*, 239 F.3d 357, 364 (3d Cir.2001)). Because it is such a "drastic remedy," preliminary injunctions should "not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-30 (2d ed. 1995)). Of course, "[t]he moving party's failure to show a likelihood of success on the merits 'must necessarily result in the denial of a preliminary injunction.'" *Sidamon-Eristoff,* 2012 WL 19382 at *2 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)). Finally, in the prison context, such injunctive relief "must be narrowly drawn,

extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

The Magistrate Judge concluded that all of Guyton's Motions failed to meet the standards for preliminary injunctive relief. In response, Guyton has made specific objections to the Magistrate Judge's August 12, 2011 Report and Recommendation, and the Court will address each in turn. First, Guyton objects to the Magistrate Judge's determination that his request for a transfer was allegedly "necessary for security reasons because he is a federal witness in an ongoing murder case." (Report and Recommendation at 1, Doc. 23). Guyton clarifies that the real reason he is seeking transfer is because the BOP determined that he needed to be separated from the hostile inmate groups, and that his move into USP Canaan was potentially retaliatory.

The Court believes the Magistrate Judge correctly appraised the nature of Guyton's claims. To the extent the Magistrate Judge concluded that a prison transfer was necessary due to Guyton's witness status, the implication–though not fully explained–was that testifying about prison events can be a dangerous endeavor. As Plaintiff articulates, physical harm is a "well-known punishment for 'snitching.'" (Doc. 12 at 1). Therefore, while it is true that the Magistrate Judge's Statement of the Facts does not elaborate fully on the retaliation aspect of Guyton's case, the Court does not believe this has any bearing on the Magistrate Judge's ultimate recommendation that Plaintiff's Emergency Motion to be transferred should be denied. Even assuming the existence of such retaliatory motives, this does not change the fact that Plaintiff "has no entitlement to incarceration in any particular prison." *Ball v. Beard*, 396 Fed. Appx. 826, 827 (3d Cir. 2010); *see also Olim v. Wakinekona*, 461 U.S. 238, 245

6

(1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."). Thus, the Court agrees with the Magistrate Judge that the Motion, insofar as it seeks transfer to the Federal Detention Center in Honolulu, Hawaii, is unlikely to succeed on the merits. Moreover, as the Motion also requests that Guyton be allowed to leave the halfway house each day from 7:30 a.m. to 3:30 p.m. to seek employment, be provided with identification, clothing, bus passes, and money for meals, it is further unlikely to succeed as such relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626. To the extent the harm sought to be prevented by this emergency injunction is harm from parties at USP Canaan and a loss of reentry assistance, the Court cannot say that this Motion presents the most narrowly-tailored proposal. Therefore, the Court will adopt the Magistrate Judge's determination that this Motion be denied.

To the extent the Magistrate Judge noted that the relief requested in the instant motions was "identical to the broadly famed claims for relief . . . made by Guyton in his complaint" (Report and Recommendation at 18, Doc. 23), Guyton responds that he, as a *pro-se* plaintiff, did not realize that listing his including the emergency injunctions in the relief section of his complaint was improper (Pl.'s Obj. at 2). The Court notes that this was not *per se* improper, and further adds that it would have been generally improper to seek relief in a motion for preliminary injunction wholly unrelated to the allegations of the complaint. *See e.g. Gordon v. Lappin*, No. Civ.A. 3:05-457, 2006 WL 680822 at *1 (M.D. Pa. Mar. 13, 2006) (adopting a Report and Recommendation denying a motion for preliminary injunction where

7

there was not relationship between the claimed injury and the allegations of the complaint). Therefore, to clarify, while Plaintiff properly seeks injunctive relief in his Complaint, the Magistrate Judge only recommended that this injunctive relief should be denied without prejudice in respect to these particular motions for *preliminary* injunctive relief. The purpose of a preliminary injunction is to prevent irreparable harm, not to decide the ultimate issues on their merits. Therefore, the problem with the instant Motions is not that they spring from the Complaint, but that they are coextensive with the relief sought in the Complaint and are broader than necessary to prevent irreparable injury.

Moreover, Guyton complains that the Magistrate Judge "appears to go out of his way to subtly change the emphasis of each request so that it appears the Plaintiff is merely throwing a child-like temper tantrum at not being treated special because he is a federal witness." (Pl.'s Obj. at 2, Doc. 24). The Court does not find this to be the case. Although the details underlying each of Plaintiff's Motions are not fully elaborated throughout the Report and Recommendation, the Magistrate Judge was writing for the parties who are familiar with the details of this case. Thus, the Court finds that the Magistrate Judge appropriately evaluated each of Plaintiff's Motions fully on the merits.

Finally, Guyton argues that the Magistrate Judge incorrectly construed his Motion for Preliminary Injunction to use the law library as a request for *greater* access to legal materials. Instead, Guyton argues that he is seeking mere access as he is currently precluded from accessing the law library whatsoever. As an initial matter, to the extent Plaintiff's Motion explicitly seeks access to the law library "a minimum of three days a week," the Court cannot determine whether this constitutes an expansion of allotted access or not. (Pl.'s Mot. at 1, Doc. 17). However, the Court also does not find the requisite threat of irreparable injury

8

present in the instant motion. In the affidavit accompanying this Motion (Doc. 18), Plaintiff only stated that he was having trouble accessing the library, raising a fear that he may have trouble in meeting future deadlines. (Doc. 18). In fact, the affidavit avers that in the twelve-day period between July 22, 2011 and August 2, 2011, Plaintiff was informed that he was on the list to use the law library, but later found out that this was not true. (*Id.*) This one instance of confusion is not enough to raise the specter of irreparable injury, and the Court will decline to exercise such extraordinary relief on these facts. Of course, further developments as to this issue could sustain a renewed motion on the matter.

### 2. The October 6, 2011 Report and Recommendation (Doc. 34)

In conducting a review of this matter pursuant to 28 U.S.C. § 1915A,[1] Magistrate Judge Carlson further determined that venue was inappropriate as to at least eight Defendants in this matter.

Venue is appropriate where:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if there is no district

---

[1] Section 1915A provides that courts "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon such review, a court shall dismiss if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* at § 1915A(b)(1).

in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Applying this standard, the Magistrate Judge determined there were at least eight Defendants in this matter who did not reside in this judicial district and took no action in this district relating to Guyton. These Defendants include: (1) unnamed prison staff in Grand Prairie, Texas; (2) five staff members at USP Pollock in Louisiana; (3) Correctional Officer Justin Morrow, at USP Victorville; and (4) a private criminal defense attorney in Denver, Colorado (Defendant Hammond). Moreover, in determining that these Defendants were liable for discrete acts in "widely different times and places," the Magistrate Judge determined that joinder of these claims in a single venue was not an option.[2] (Report and Recommendation at 8, Doc. 34). None of the parties have filed objections to this determination, and the Court–finding no clear error–will adopt the Magistrate Judge's determination that venue is improper as to these Defendants.

Section 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'" *Bockman v. First American Marketing Corp.*, No. 11–2408, 2012 WL 171972 at *4 n.11 (3d Cir. Jan. 23, 2012) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); *Holiday v. Bally's Park Place, Inc.*,

---

[2]To the extent Plaintiff claims that the unnamed prison staff in Grand Prairie, Texas, five staff members at USP Pollock, Louisiana, and the unknown Northeast Regional Staff Defendants all signed off on his transfer from USP Pollock to USP Canaan, there is no allegation that they acted in concert.

10

2007 WL 2600877 at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to the proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").

Therefore, the Court will also adopt the October 6, 2011 Report and Recommendation and will elect to transfer the claims as to the Texas Defendants, the USP Pollock Defendants, and Defendant Morrow to the appropriate districts to avoid any unintended prejudice which could result from dismissing these claims outright due to lack of venue. However, the Court cannot find that it would be in the interest of justice to transfer the matter as to Defendant Hammond and will dismiss this party. Plaintiff's Complaint is styled as a *Bivens*[3] action pursuant to 28 U.S.C. § 1331, designed to remedy violations of a plaintiff's rights under the color of federal law. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). While conduct of a private party can support a *Bivens* claim, it can only do so where the constitutional violation has "resulted from the exercise of a right or privilege having its source in [federal] authority" and the private defendant must be capable of being "described in all fairness as a [federal] actor." *Id.* at 801. As Guyton's allegations against Defendant Hammond–a private lawyer, unrelated to the federal prison system–amounts only to Hammond's providing information to his clients about Plaintiff's whereabouts, the Court concludes that there is no basis for a *Bivens* claim against this party. As such, he will be dismissed.

---

[3] A "*Bivens* action" is a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is the federal counterpart to Section 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir.2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir.2001)).

## **CONCLUSION**

Having reviewed the portions of the Report and Recommendations to which the Plaintiff objects *de novo* and the remainder for clear error, the Court will adopt both of Magistrate Judge Martin C. Carlson's Report and Recommendations.  (Docs. 23 and 34). Guyton's four Requests for Emergency Injunctions will be denied (Docs. 11, 13, 15, 17), and the claims made against Defendants for which there is no venue will be transferred to their respective district courts, excepting Defendant Hammond who will be dismissed.  The action will be recommitted to the Magistrate Judge for further proceedings.  An appropriate order follows.


  February 15, 2012                              /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge

12